39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Banney E. MOORE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-1767.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided October 26, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-92-119)
 Banney E. Moore, appellant pro se.
 Charlotte Jefferson Hardnett, William Brian Reeser, Stephen Mitchell Walker, United States Department Of Health & Human Services, Philadelphia, PA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Banney Moore appeals the district court's decision upholding the decision by the Secretary of Health and Human Services (Secretary) that Moore was not disabled under the social security laws. Because we find that the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 2
 Moore sustained back and neck injuries in an automobile accident on October 15, 1988. Following the accident, he experienced weakness and worsening right shoulder and arm pain. In June 1989, a neurosurgeon performed a successful anterior cervical discectomy and fusion.
 
 
 3
 On August 18, 1989, Dr. Couk, an orthopaedist, stated that Moore's recovery had been prolonged but reasonably satisfactory. Moore had returned to his job as a self-employed drywall installer and finisher, but was able to perform only light tasks. Moore was unable to do significant lifting and complained of discomfort in the cervical region of his spine. Physical examination revealed symmetrical deep tendon reflexes, motor function in the upper extremities, some diminished pin prick sensation in two fingers of the right hand, tenderness in the cervical area, and a fifty percent loss of motion in the cervical spine. The physician noted Moore's complaints of lower back pain.
 
 
 4
 In August 1991, a neurologist, Dr. Salame, examined Moore. Moore informed her that his operation had provided general relief, although he continued to experience pain, primarily on the right side of his neck, when he turned his head. Moore also complained of numbness in three fingers of his right hand. Moore's chief complaint, however, was lower back pain, which diminished with movement.
 
 
 5
 Dr. Salame noted some decrease in lateral bending and rotation towards the right side of Moore's neck. Moore's lower back extension was limited to about fifty percent, and his sideways tilts were within normal range. Moore could lift a twelve-pound chair with no difficulty and could slowly bend and touch his feet. Dr. Salame determined that there was no lumbosacral or cervical radiculopathy, although "mechanical findings" in Moore's neck and lower back were noted. Dr. Salame concluded that his ability to push and pull were decreased and limited and that working with heavy machinery might worsen his back pain.
 
 
 6
 At his hearing before an ALJ, Moore described his daily activities. He watched television, helped with a limited amount of household chores, drove, and went to the racetrack. He stated that it was difficult to get moving in the morning but that once he had walked around a bit, he loosened up. Moore stated that he could lift ten pounds and could sit for an hour.
 
 
 7
 A vocational expert testified that work existed in the regional economy for an individual fitting Moore's profile (age, education, work experience, and the residual functional capacity to perform light or sedentary work). Some of the jobs identified were shipping checker, night watchman, security guard, gate tender, and parking lot attendant. The vocational expert stated that such an individual could perform these jobs even if he were illiterate, suffered from moderate pain, and occasionally had to lie down because of back pain.
 
 
 8
 The ALJ determined that Moore was unable to return to his past relevant work as a drywall finisher and installer, which constitutes heavy work. Particularly in view of the reports of Dr. Salame and Dr. Couk, this finding is supported by substantial evidence. The ALJ's conclusion that Moore retained the residual functional capacity to perform a limited range of light work is similarly supported by substantial evidence. We note in connection with this finding that the ALJ properly gave his reasons for finding that Moore's back pain was not as severe as claimed. Among other things, the ALJ noted the range of Moore's daily activities, the fact that he took no painkillers, his demeanor at the hearing and the objective medical findings. Reviewing courts give great weight to properly supported credibility determinations, Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir 1984), and there is no reason to disturb the finding as to the extent of Moore's pain.
 
 
 9
 The vocational expert identified a number of jobs in the regional economy which an individual fitting Moore's profile could perform. In view of this testimony, and after reviewing the medical evidence and other evidence of record, we conclude that substantial evidence supports the Secretary's finding that Moore was not disabled.
 
 
 10
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED